```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/5/2025  
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PINNACLE MADISON AVENUE
CORPORATION,

                Petitioner,

    -against-                           22 Civ. 3841 (AT)

ITALIAN TRADE AGENCY (ITA), an agency      **ORDER**
of the REPUBLIC OF ITALY,

                Respondent.

ANALISA TORRES, District Judge:

       Petitioner, Pinnacle Madison Avenue Corporation ("Pinnacle"), brings this petition (the "Petition") seeking access to property owned by Respondent, Italian Trade Agency ("ITA"), under Section 881 of the New York Real Property Actions and Proceedings Law. *See generally* Pet., ECF No. 1-2. By order dated February 3, 2025, the Court adopted the report authored by the Honorable Sarah L. Cave (the "R&R") and granted the Petition. R&R, ECF No. 29; Order, ECF No. 46. Before the Court is ITA's motion for reconsideration. ECF Nos. 47–48; *see also* ECF Nos. 51–52. For the reasons stated below, the Court DENIES ITA's motion.

       Local Civil Rule 6.3 governs motions for reconsideration. *Sjunde AP-Fonden v. Gen. Elec. Co.*, 722 F. Supp. 3d 347, 351 (S.D.N.Y. 2024). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up) (citations omitted).

       ITA moves for reconsideration on four grounds. First, it argues that the Court did not consider that, according to ITA, Pinnacle submitted inaccurate elevator construction applications to the New York City Landmarks Preservation Commission and the Landmarks Committee of Manhattan Community Board 8. ECF No. 48 at 7–10. The Court, however, did consider ITA's arguments on this point, *see* Order at 9, 14–15, and agrees with the R&R that ITA identifies no actual discrepancy in Pinnacle's applications, R&R at 23–26; *see also* Order at 9, 14–15.

       Second, ITA contends that the R&R "did not balance the interests of the parties effectively" and "should have considered more carefully the factual circumstances presented by [ITA] and recommended [] more balanced and reasonable license terms." ECF No. 48 at 11. ITA points to no controlling decisions or data that the Court overlooked, but merely "repeat[s]

old arguments previously rejected" by the R&R and the Court. *Mikhaylova v. Bloomingdale's Inc.*, No. 19 Civ. 8927, 2023 WL 2237541, at *1 (S.D.N.Y. Feb. 27, 2023) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Accordingly, the Court rejects ITA's argument.

Third, ITA argues that the Court "overlooked the long-term damages caused by the external elevator to ITA's property and to the community." ECF No. 48 at 13–14. The Court previously considered and rejected this argument, *see* Order at 12, and ITA identifies no controlling decisions or data warranting reconsideration.

Finally, ITA argues that the Court should reinstate its counterclaims because the "R&R does not explain why the counterclaims are not in a logical relationship with the Petition." ECF No. 48 at 14–15. Not so. ITA misstates the legal standard for supplemental jurisdiction, which asks whether the claims arise from a common nucleus of operative fact, and which the R&R correctly applied. *See* Order at 13–14.

For the foregoing reasons, ITA's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 47 and 48.

SO ORDERED.

Dated: May 5, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

2