```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/9/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PINNACLE MADISON AVENUE
CORPORATION,

                Petitioner,

      -against-                            22 Civ. 3841 (AT)

ITALIAN TRADE AGENCY (ITA), an agency      **ORDER**
of the REPUBLIC OF ITALY,

                Respondent.

ANALISA TORRES, District Judge:

      Petitioner, Pinnacle Madison Avenue Corporation ("Pinnacle"), brings this petition (the "Petition") seeking access to property owned by Respondent, Italian Trade Agency ("ITA"), under Section 881 of the New York Real Property Actions and Proceedings Law.[1] *See generally* Pet., ECF No. 1-2. By order dated February 3, 2025 (the "February 3 Order"), the Court adopted the report authored by the Honorable Sarah L. Cave (the "R&R") and granted the Petition. R&R, ECF No. 29; February 3 Order, ECF No. 46. In granting the Petition, the Court issued Pinnacle a license to enter ITA's property and install protective measures in connection with Pinnacle's construction of an elevator in the backyard adjacent to the property. *See generally* February 3 Order.

      ITA moved for reconsideration of the February 3 Order, which the Court denied on May 5 (the "Reconsideration Order"). ECF Nos. 47–48; Reconsideration Order, ECF No. 54. On May 27, ITA appealed from the Court's February 3 and Reconsideration Orders. ECF No. 60. Before the Court is ITA's motion to stay the orders pending ITA's appeal. *See* Mot., ECF No. 62; Opp., ECF No. 71; Reply, ECF No. 72.

      A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433–34 (citation omitted). Courts consider four factors in deciding whether to grant a stay of an order pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Grote*, 961 F.3d 105, 122–23 (2d Cir. 2020) (citation omitted). The "degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *County of Rockland v. Metro. Transp. Auth.*, No. 24 Civ. 2285, 2025 WL 100901, at *1 (S.D.N.Y. Jan. 14, 2025) (citation omitted).

---

[1] The Court presumes familiarity with the facts of this case as set forth in prior orders.

The first factor, likelihood of success on the merits, weighs against a stay.  In its motion, ITA repeats the arguments it has already made before this Court.  In the February 3 and Reconsideration Orders, the Court explained why those arguments are meritless.  *See generally* February 3 Order; Reconsideration Order.  Accordingly, ITA has not made "a strong showing that [it] is likely to succeed on the merits."  *Grote*, 961 F.3d at 122–23.

The second factor, irreparable injury, militates strongly in favor of a stay.  Absent a stay, Pinnacle will proceed with the construction of the elevator and will enter ITA's property to install and remove protective measures.  Mot. at 8.  According to ITA, this may cause "undeterminable" damage to the "architectural significance" of ITA's property and to ITA's interest in its property.  *Id*. at 8; *see also id.* at 8–10 (claiming that Pinnacle's excavation already caused ITA harm).  Because the "deprivation of an interest in real property constitutes irreparable harm," *Tioronda, LLC. v. New York*, 386 F. Supp. 2d 342, 350 (S.D.N.Y. 2005), this factor tips heavily in favor of a stay.

The third and fourth factors do not favor a stay.  The issuance of a stay will likely injure Pinnacle, which has suffered "significant prejudice and ongoing losses of approximately $330,000 per month" due to the delay in construction that this litigation has caused, and will continue to suffer such losses if the Court orders a stay.  Opp. at 11.  Finally, ITA has not shown that the public interest favors a stay:  It argues only that the "[p]ublic interest lies in assessing clearly . . . whether Pinnacle's license application . . . was obtained in violation of the law."  Mot. at 15.  Conclusory assertions like this one are "insufficient[] to meet the difficult burden of justifying a stay pending appeal."  *Regan v. Hon*, No. 20 Civ. 846, 2021 WL 466535, at *4 (N.D.N.Y. Feb. 9, 2021) (citation omitted).

Balancing the factors, the Court finds that a stay of the February 3 and Reconsideration Orders is warranted.  Although the only factor weighing in favor of a stay is the threat of irreparable injury, the potential deprivation of ITA's interest in its property outweighs the other factors.  *See County of Rockland*, 2025 WL 100901, at *1 (stating that the "degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other" (citation omitted)); *Singas Famous Pizza Brands Corp. v. N.Y. Advert. LLC*, 468 F. App'x 43, 45 (2d Cir. 2012) (stating that "irreparable harm is the single most important prerequisite" (citation omitted)).  ITA's motion for a stay pending appeal is, therefore, granted.

## CONCLUSION

ITA's motion for a stay of the Court's February 3 and Reconsideration Orders pending appeal is GRANTED.  The February 3 Order and Reconsideration Order are STAYED pending the resolution of ITA's appeal.

SO ORDERED.

Dated: September 9, 2025
New York, New York

ANALISA TORRES
United States District Judge